## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:06cr140-MHT** |
| | ) | |
| **WILLIAM TROY ARTHUR** | ) | |

## MOTION TO SUPPRESS

**COMES NOW** the Defendant, **WILLIAM TROY ARTHUR**, by undersigned counsel and pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and respectfully moves this Court to suppress all statements obtained as a result of questioning by Government agents during a police stop and search of the car in which Mr. Arthur was a passenger on September 21, 2005, in Houston County, in the Middle District of Alabama.

As grounds for this motion, Mr. Arthur would show that such questioning, and any such statements obtained as a result thereof, violated his right not to incriminate himself, under the Fifth Amendment to the U.S. Constitution.

## FACTS

1.      On September 21, 2005, Mr. Arthur was a passenger in a car driven by Henry Almand. Officer Andy Hughes, Dothan Police Department, stopped the car because the car crossed the center line and because the driver wasn't wearing a seatbelt. Almand said the car was a rental that he and Mr Arthur had borrowed from a friend of Mr. Arthur, but he couldn't produce a rental agreement or proof of insurance, nor could he remember the name

of the friend who loaned him the car.  Officer Hughes called for  a drug-sniffing dog and

handler to come to the scene of the traffic stop.  While he awaited the arrival of the dog team,

Officer Hughes asked Almand if there were any weapons in the car.  Almand told Officer

Hughes that there was a Ruger 9mm under the driver's seat.  Officer Hughes then asked

Almand if he had a valid pistol permit.  Almand responded that he did not.  Officer Hughes

handcuffed Almand as Officer Wise arrived with a drug-sniffing dog.  Next, the dog alerted

on the car.  Officer Hughes then asked Mr.  Arthur to step out of the car.

2.    Officer Hughes conducted a search of the car while Officer Wise watched

Almand and Mr.  Arthur.  He found a Hi Point 9mm handgun under the passenger's seat,

after which he handcuffed Mr.  Arthur and sat him on the ground.  Officer Hughes returned

to his search and found a small plastic bag inside a white napkin.  The bag contained an off-

white powder, which Officer Hughes believed to be methamphetamine.  Finally, Officer

Hughes found a Ruger 9mm handgun under the driver's seat.  At no time did Officer Hughes

advise Mr.  Arthur of his constitutional right under the 5th Amendment of the United States

Constitution to remain silent.

3.    Officer Hughes called for a vice investigator and Officer Sean Malloy came

to the scene of the traffic stop.  Officer Malloy field-tested the white powder, which tested

positive for methamphetamine.  Officer Malloy then questioned Mr.  Arthur about the

methamphetamine.  Mr.  Arthur admitted that the methamphetamine belonged to him, and

told Officer Malloy that Almand had nothing to do with the illegal drugs.  At no time did

Officer Malloy advise Mr.  Arthur of his constitutional right under the 5th Amendment of the

United States Constitution to remain silent.  Mr.  Arthur made no statement concerning the

guns that were found in the car.

## LAW AND ARGUMENT

> 4.      [T]here can be no doubt that the Fifth Amendment privilege . . . serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves. . . .   Without proper safeguards the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely.  In order to combat these pressures and to permit a full opportunity to exercise the privilege against self-incrimination, the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored. . . .   [I]f a person in custody is to be subjected to interrogation, he must first be informed in clear and unequivocal terms that he has the right to remain silent. . . .   The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court.  This warning is needed in order to make him aware not only of the privilege, but also of the consequences of forgoing it. It is only through an awareness of these consequences that there can be any assurance of real understanding and intelligent exercise of the privilege.  Moreover, this warning may serve to make the individual more acutely aware that he is faced with a phase of the adversary system–that he is not in the presence of persons acting solely in his interest."

*Miranda v. Arizona,* 384 U.S. 436, 467-469 (1966).  "Whether [Mr. Arthur] was 'in custody'

and entitled to *Miranda* warnings during the traffic stop in questions is a mixed question of

law and fact."  *United States v. Moya*, 74 F. 3d 1117, 1119 (11th Cir. 1996).

5.      The Supreme Court has "long acknowledged that stopping an automobile and

detaining its occupants constitute a 'seizure' within the meaning of the Fourth Amendment,

even though the purpose of the stop is limited and the resulting detention quite brief."

*Berkemer v. McCarty*, 468 U.S. 420, 436-437 (1984).  Although "persons temporarily

detained pursuant to such stops are not 'in custody' for the purposes of *Miranda*, . . . [i]f a motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by *Miranda*." *Id*. at 440.  The Court has left it to lower courts to decide, based on the facts of each case, "whether a traffic stop exerts upon a detained person pressures that sufficiently impair his free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights." *Id*. at 337.

6.      The facts of this case are simple and straightforward.  At the time that Officer Malloy interrogated Mr. Arthur he sat handcuffed on the ground and was guarded by an armed officer with a trained police dog.  Officer Malloy had already determined that the white powder found under the passenger seat of the car where Mr.  Arthur had been seated was methamphetamine.  At the time Officer Malloy interrogated Mr.  Arthur Officer Malloy clearly considered Mr.  Arthur to be a suspect in the possession of illegal drugs.  Also at the time Officer Malloy interrogated Mr.  Arthur it was abundantly clear to Mr.  Arthur that he was suspected of committing an illegal drug offense, was not free to go and was in custody.

7.      Under the totality of the circumstances present in this case, before Officer Malloy interrogated Mr.  Arthur about the methamphetamine found under the passenger seat of the car in which Mr.  Arthur was a passenger, Officer Malloy should have advised Mr.  Arthur of his *Miranda* rights.  This Officer Malloy failed to do.  Therefore, all statements that Mr.  Arthur made to Officer Malloy should be suppressed.

**WHEREFORE**, the Defendant respectfully prays that this Motion be granted.

Dated this 13th day of July, 2006.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:06cr140-MHT** |
| | ) | |
| **WILLIAM TROY ARTHUR** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2006, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

David Cooke, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery,

Alabama  36104.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49