IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:06cr140-MHT |
| WILLIAM TROY ARTHUR | ) | |
| | ) | |

<u>ORDER</u>

This case is now before the court on the defendant William Troy Arthur's motion to continue trial. In light of the fact that the government has no objection to the continuance motion and for the reasons set forth below, the court concludes that the continuance motion should be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir.), <u>cert. denied</u>, 479 U.S. 823, 107 S. Ct. 93 (1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C.A. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an ... indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C.A. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... the reasonable time necessary for effective preparation." § 3161(h)(8)(B)(iv).

The court concludes that, in this case, a continuance is necessary because at the detention hearing held in this case on July 17, 2006, the government and the pretrial services officer all agreed to resolve the issue

of detention by requesting that the magistrate judge order that the defendant be placed in community confinement and attend out-patient drug treatment. The magistrate judge so ordered. Defendant Arthur's out-patient drug treatment will not be completed prior to the currently scheduled trial date. All parties desire that the trial date be continued so that Arthur can complete drug treatment prior to trial. Thus, the ends of justice served by granting a continuance outweigh the interest of the public and Arthur in a speedy trial. In addition, Arthur has filed a waiver of his speedy trial rights.

    Accordingly, it is ORDERED as follows:

(1) Defendant William Troy Arthur's motion to continue (Doc. No. 20) is granted.

(2) The defendant's trial and jury selection are continued to the criminal term of court commencing November 6, 2006, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr.

United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 25th day of July, 2006.

                                        /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE