IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. <u>1:06cr140-MHT</u> |
| ) | |
| WILLIAM TROY ARTHUR ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:                                   DONNIE W. BETHEL

ASSISTANT U.S. ATTORNEY:                  K. DAVID COOKE, JR.

**COUNTS AND STATUTES CHARGED:**

Count 1          18 U.S.C. 922(g)(1)

Count 2          21 USC § 844(a)

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1          18 U.S.C. 922(g)(1)

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 1          <u>18 U.S.C. 922(g)(1)</u>:
                 NMT 10Y or
                 NMT $250,000 or both;
                 NMT 3Y SUP REL;
                 $100 AF;
                 VWPA.

Count 2          <u>21 USC § 844(a)</u>:
                 NMT 1Y;
                 NLT $1,000; or both
                 NMT 1Y SUP REL;
                 $25.00 Assessment Fee;
                 VWPA.

**ELEMENTS OF THE OFFENSE(S):**

<u>18 U.S.C. 922(g)(1)</u>:

1. The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and
2. Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

<u>21 USC § 844(a)</u>: Simple Possession

1. The defendant knowingly possessed a controlled substance without lawful authority.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

K. David Cooke, Jr., Assistant United States Attorney, and Donnie Bethel, attorney for the defendant, pursuant to the provisions of Rules 11(c)(1)(A) and 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

**GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the Government will do the following:

a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the

offense conduct.

  b. The Government agrees to move to dismiss Count 2 of the Indictment upon the imposition of sentence in count 1.

  c. Pursuant to 11(c)(1)(B), Federal Rules of Criminal Procedure, the Government will not oppose the defendant receiving credit for the time he served in custody after his arrest for the instant offenses on September 21, 2005.

 2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

 3. The defendant agrees to the following:

  a. To plead guilty to Count 1 of the Indictment.

  b. Not to commit any other federal, state, or local offense while awaiting sentencing, whether that offense is charged or chargeable or not. Such criminal activity would include, but is not limited to, witness tampering, or facilitation of any other criminal activity. Determination of whether Defendant's conduct is a violation of this provision is at the complete discretion of the Government.

  c. The defendant agrees to forfeit any and all firearms in his possession to the Government.

  d. The defendant understands that while the United States Sentencing Guidelines are advisory, the defendant agrees to be sentenced in accordance with the United States Sentencing Guidelines.

e. The facts used to determine the defendant's Guidelines offense level and sentence will be found by the Court at sentencing by a preponderance of the evidence and that the Court may consider any reliable evidence, including hearsay.

## FACTUAL BASIS

4. The defendant understands the nature of the charges to which the plea is offered involves proof as follows: The defendant admits that on or about September 21, 2005, in Houston County, within the Middle District of Alabama, having been convicted of the following felonies, crimes punishable by imprisonment for terms exceeding one year under the laws of the United States, to-wit:

1) Unlawful Driving or Taking of an Automobile, the Municipal Court of California, County of San Diego, CR126567, on the 12th day of November, 1991;

2) Burglary of Structure, The Circuit Court of the Seventh Circuit, State of Florida, County of Volusia, CRC. 90-6416 CFAES, on the 25th day of October, 1990;

3) Burglary of a Conveyance, The Circuit Court of the Seventh Circuit, State of Florida, County of Volusia, CRC. 90-6416 CFAES, on the 25th day of October, 1990;

4) Possession of Methamphetamine, The Circuit Court of the Seventh Circuit, State of Florida, County of Volusia, Case Number 2003-36704 CFAES, on the 24th day of February, 2004; and

5) Driving While License Suspended (Habitual), The Circuit Court of the Seventh Circuit, State of Florida, County of Volusia, Case Number 2003-36704 CFAES, on the 24th day of February, 2004;

he did knowingly possess in and affecting commerce a firearm, to-wit: a Hi-Point, 9mm caliber, semi-automatic pistol, serial number P045188, in violation of Title 18, United States Code, Section, 922(g)(1).

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

5. The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100.00 assessment per count is to be paid by the defendant on the date of sentencing.

    c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

    d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which

questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

 f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

 g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

 h. The defendant further advises the Court that it is understood that the parties have entered into an agreement which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has no right to withdraw the plea should the Court refuse to accept the plea agreement pursuant to Rule 11(c)(1)(B).

 i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when

the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      j. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

   6. The defendant understands that the U.S. Probation Office may prepare a pre-sentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the U.S. Attorney.

      Respectfully submitted on this 23 day of October, 2006.

                Respectfully submitted,

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                Louis V. Franklin, Sr., Chief
                Criminal Division

                K. David Cooke, Jr.
                Assistant United States Attorney

I have had read to me the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DONNIE WAYNE BETHEL.

_____
WILLIAM TROY ARTHUR
Defendant

10-23-06
_____
Date

_____
DONNIE WAYNE BETHEL
Attorney for the Defendant

23 October 2006
_____
Date