**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:06cr140-MHT |
| | ) | |
| WILLIAM TROY ARTHUR | ) | |

**SENTENCING MEMORANDUM**

Mr. Arthur asserts that his base offense level should be 14, under §2K2.1(a)(6) of the Guidelines, rather than 20, under §2K2.1(a)(4); and that he should not receive a four-level enhancement under §2K2.1(b)(6).

In paragraph 15 of the Presentence Investigation Report (PSR), the Probation Officer (PO) calculated the base offense level as 20, pursuant to §2K2.1(a)(4) of the Guidelines. The PO calculated the base offense as 20 because he believes Mr. Arthur has a previous felony conviction that qualifies as a crime of violence, which would be the burglary conviction identified in paragraph 27 of the PSR. That burglary conviction was for the burglary of an unoccupied structure in the State of Florida–which is defined to be a structure other than a dwelling–and which is a felony of the third degree. Fla.Stat. 810.02. Under the Florida burglary statute burglary of a dwelling is a felony of either the first or second degree, depending upon the circumstances of the burglary.

Pursuant to §2K2.1 Application Note 1, the definition of a crime of violence for §2K2.1 is that definition found in §4B1.2(a) and §4B1.2 Application Note 1; §4B1.2 is the Guidelines section that deals with career offender status. "The term 'crime of violence'

means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary *of a dwelling* . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." (emphasis added). §4B1.2(a). "'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary *of a dwelling*. Other offenses are included as 'crimes of violence' if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another." (emphasis added). §4B1.2 Application Note 1.

The PO does not suggest that Mr. Arthur's prior burglary conviction was for the burglary of a dwelling, but instead contends that Mr. Arthur's burglary of an unoccupied structure "is a violent felony, as conduct that presented serious potential risk of physical injury to another." PSR Addendum, paragraph 5. In other words, even though the Guidelines specifically define "crime of violence" to include burglary *of a dwelling*, the PO, under the catchall provision, would apparently define virtually any other burglary to be a crime of violence as well. For this proposition he relies upon *United States v. Matthews*, 466 F.3d 1271 (11th Cir. 2006). That reliance is misplaced.

In *Matthews*, the court decided "whether a Florida conviction for burglary of the curtilage of a structure is a conviction for a violent felony for purposes of the *Armed Career*

*Criminal Act*, 18 U.S.C. §924(e) (the ACCA)." (emphasis added). While the court did find that such a burglary satisfies the definition of a crime of violence under the ACCA, the definition of a crime of violence under the ACCA differs from the definition used under §4B1.2 in one very important respect: the ACCA definition simply includes burglary, while the definition used for §4B1.2 specifically includes burglary *of a dwelling*. If, as the PO suggests, under the catchall provision any old burglary will do to justify increasing the base offense level from 14 to 20, then the phrase "of a dwelling" becomes meaningless. Such a ruling would violate the basic tenets of statutory construction. "[W]hen interpreting a statute, it is necessary to give meaning to all its words 'so that no words shall be discarded as being meaningless, redundant, or mere surplusage. . . .' The rules of statutory construction also apply to the guidelines." *United States v. Fuentes-Rivera*, 323 F.3d 869, 872 (11th Cir. 2003)(quoting *United States v. Canals-Jiminez*, 943 F.2d 1284, 1287 (11th Cir. 1991)). If the court were to accept the PO's reasoning in this case, the words "of a dwelling" in the definition of a crime of violence would become mere surplusage and rendered utterly meaningless–a result which would clearly violate the rules of statutory construction.

The 11th Circuit has specifically considered the issue of what burglaries qualify as a crime of violence under the career offender definition. "As the plain text of the Guidelines makes clear, the burglary of a dwelling is a crime of violence. . . . By explicitly including the burglary of a dwelling as a crime of violence, the Guidelines intended to exclude from the violent crimes category those burglaries which do not involve dwellings and occupied structures." *United States v. Spell*, 44 F.3d 936, 938 (11th Cir. 1995)(citations omitted).

So, in Mr. Arthur's case, *Spell,* not *Matthews,* is the controlling case. As Mr. Arthur's burglary conviction was for the burglary of a structure, and not a dwelling, that conviction does not support a base offense level of 20 under §2K2.1(a)(4). Mr. Arthur's base offense level should be 14, pursuant to §2K2.1(a)(6).

The PO calculated that Mr. Arthur should receive a four-level enhancement under §2K2.1(b)(6). PSR paragraph 20. The PO asserts that Mr. Arthur deserves this enhancement because he possessed the gun at the same time that he also possessed a very small quantity of methamphetamine (between one and two grams), which possession of methamphetamine resulted in a felony conviction in the State of Alabama for possession of a controlled substance. The PO relies upon *United States v. Rhind* to support this assertion. His reliance on *Rhind* is misplaced.

In *Rhind* the defendant stole a car and transported multiple firearms, along with counterfeit currency, in the stolen car while traveling from location to location to pass the counterfeit money. The court noted that "the defendants committed the counterfeiting offense with the use of the car which contained firearms. . . . In addition, the mere availability and appearance of the firearms could have served to promote the defendants' prolonged criminal episode." *Id*. at . Those facts are nothing like the facts in Mr. Arthur's case. The facts in Mr. Arthur's case, however, are indistinguishable from the facts found in *United States v. Hodge*, 313 F.Supp.2d 1283 (M.D. AL).

In *Hodge* the defendant possessed a small use amount of a controlled substance, marijuana, at the same time he possessed a gun. The court in *Hodge* specifically considered

the 11th Circuit's opinion in *Rhind*, upon which the PO relies in Mr. Arthur's case, and distinguished the facts in *Hodge* from those in *Rhind*. The court found it significant that the defendant in *Rhind* was engaged in more than simple possession of contraband, and that the defendant in *Hodge* possessed only a small use amount of marijuana. *Hodge* at 1288. In sustaining the defendant's objection to an enhancement under §2K2.1(b)(6), the court concluded that, "[I]t is not reasonable to find that the presence of a pistol under the seat of his car 'emboldened' him to possess a small amount of marijuana." *Id*. at 1289.

Like the defendant in *Hodge*, Mr. Arthur possessed the gun at the same time that he possessed a small use amount of a controlled substance, methamphetamine. The gun was recovered with the methamphetamine from under the passenger seat of the car in which Mr. Arthur was riding as a passenger. There is no evidence to suggest that Mr. Arthur was involved in any way in drug trafficking or that he possessed the gun in connection with any other felony offense. In light of the court's clear ruling in *Hodge*, Mr. Arthur's objection to the enhancenment under §2K2.1(b)(6) should be sustained.

Dated this 5th day of March, 2007.

Respectfully submitted

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49

Case 1:06-cr-00140-MHT-SRW   Document 57   Filed 03/07/2007   Page 6 of 7

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 1:06cr140-MHT |
| ) | |
| WILLIAM TROY ARTHUR ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2007, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following:

Susan R. Redmond
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: don_bethel@fd.org
IN Bar Code: 14773-49